Daniel, J.
The petition in this case assigns for causes of error: First, that the Court erred in overruling the general demurrer to the declaration; and secondly, that the Court erred in refusing to give certain instructions asked for by the plaintiffs in error.
The declaration charges a joint assault upon the defendant in error by the plaintiffs ; and the question presented by the demurrer is, whether a joint action may be maintained against husband and wife for an assault and battery committed conjointly by both. It is in *217 sisted by the counsel for the appellants, that the dedaration improperly unites two separate and distinct causes of action; that an action ought to have been brought against the husband alone for the assault committed by him, and another against the husband and wife for the assault committed by her ; and that in the latter action, the declaration should have charged the assault to have been committed by her. In support of this position, authorities are cited, shewing that if slander be spoken by husband and wife, there must be separate actions) one against the husband only, for the slander spoken by him, and the other against the husband and wife, for the slander spoken by her.
These authorities, it will be found, furnish not the rule, but the exceptions to it.
There are torts which it would be improper to charge in a declaration, as having been committed conjointly by husband and wife ; and a general demurrer to a declaration liable to such an objection would be sustained. Of these, slander is an example. In the case of slander, however, the objection has its foundation, not in the relation of the parties charged with the tort, to wit, that of husband and wife, but in the nature of the tort. There can be no joint utterance of a slander by two or more persons, and consequently there cannot be a joint action for such supposed tort, whether charged to have been committed by husband and wife, or any other two persons not standing to each other in that relation. But for assaults and trespasses which may, in legal contemplation, be committed by two persons conjointly, and for which several persons may be jointly sued, the husband and wife may be sued jointly for the act of both. 1 Chitty’s Pl. 105; Vine v. Saunders & wife, 33 Eng. C. L. R. 290. It seems, therefore, that the demurrer to the declaration was properly overruled.
The bill of exceptions states that the plaintiff in support of the issues on her part, introduced evidence tend *218 ing to prove that the assaults and batteries complained of in the declaration, had been committed by the male defendant, and also evidence tending to prove that said assaults and batteries were committed in the presence of the female defendant; and that she had said that the plaintiff had been beaten by the male defendant, and had not received a blow too much; and that thereupon, and after all the evidence had been adduced on both sides, the counsel for the defendants moved the Court to instruct the jury, that if they were satisfied, from the evidence, that the assaults and batteries alleged in the declaration, were committed by the male defendant alone, and without the actual co-operation of the female defendant, then that the evidence did not sustain the action, and the jury should find for the defendants. Which instructions the Court refused to give.
Whether the Court erred in refusing to give the instructions, depends on the answer to be given to the question, whether upon the general issue in a joint action of trespass, assault and battery, against husband and wife, for wrongs charged to have been committed conjointly by both, it is competent for the jury to find one guilty, and the other not.
The case of Drury v. Dennis, Yelverton 105, would seem to countenance the proposition that when a joint assault is alleged to have been committed by husband and wife, the action must fail unless both be proven to have concurred in the assault. The current of authorities is, however, the other way. In the case of Hare v. White & wife, 12 Mod. R. 20, where upon general issue, the husband was acquitted and the wife found guilty, the Court said there was no diversity in the case of baron and feme, and where trespass is against any other two, and one of them is found guilty. See also 3 Croke’s R. 203; and in 1 Showers 350, the general proposition is asserted, that in assault and battery against *219 husband and wife, they may be found respectively guilty or not guilty. 1 Ventris 93, accord. The question whether or no the presence of the wife at the time of the assault, and the declaration subsequently made by her, were sufficient in law to charge her as a joint trespasser with her husband, did not arise on the instructions asked for; and no motion was made to set aside the verdict on the ground that it was contrary to the evidence. If the instructions asked for had been given, they would have justified a verdict in favour of both defendants, though the jury might have been satisfied of the guilt of the husband. It seems, therefore, that the instructions asked for were too broad, and were properly refused. I see no error in the opinion of the Court, and think that the judgment ought to be affirmed.
The other Judges concurred in Judge Daniel’s opinion.
Judgment affirmed.